IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Curry; Betty Ann Brown; Q.C., | C/A 0:10-522-HFF-PJG |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Charleston County Police Department; Charleston County Probation and Parole; Probation Officer, Clayton Mood, | |
| Defendants. | |

The plaintiffs, Jerome Curry and Betty Ann Brown, each proceeding *pro se*, bring this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff Brown is the mother of Plaintiff Jerome Curry and Q.C., a minor. Plaintiffs Curry and Brown also filed this action on behalf of Q.C., a minor child. By order dated April 16, 2010, Plaintiff Curry and Plaintiff Brown were informed they may not represent others in this legal proceeding. (Docket Entry 19.) Plaintiff Brown was also informed that the law does not allow her to litigate on behalf of her minor child. (Id.) The order allowed thirty days for Plaintiff Brown to retain legal counsel to proceed in litigating the claims of Q.C., her minor child. (Id.) The time permitted has passed and no notice of appearance has been made on behalf of the minor child. Accordingly, the minor child, Q.C., should be dismissed as a party to this litigation.

**DISCUSSION**

The plaintiffs are proceeding *pro se* in this case, each representing themselves. While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases

PJG

personally," the statute does not extend the right of self representation to directing the litigation of others. Myers v. Loudoun County Public Schools, 418 F.3d 395, 400 (4th Cir. 2005) ("The right to litigate for *oneself*, however, does not create a coordinate right to litigate for *others*.") (emphasis in original). This principle is extended to litigation by parents on behalf of their minor children. The law is well established that "non-attorney parents generally may not litigate the claims of their minor children in federal court." Myers, 418 F.3d at 401. The prohibition of *pro se* parents litigating on behalf of their minor children "ensures the children's interests are not prejudiced by their well-meaning, but legally untrained parents." Id. Plaintiff Brown has not retained legal counsel for Q.C., her minor child, and Plaintiff Brown may not proceed on behalf of Q.C.; therefore, Q.C. should be dismissed as a party to this lawsuit.

## RECOMMENDATION

Accordingly, the court recommends that Q.C. be dismissed as a plaintiff in this civil rights action.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 27, 2010
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).