IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Curry, and Betty Ann Brown, | C/A No. 0:10-522-HFF-PJG |
| Plaintiffs, | |
| v. | **ORDER** |
| Charleston County Police Department; Charleston County Probation and Parole; and Officer Clayton Mood, | |
| Defendants. | |

Plaintiffs Jerome Curry and Betty Ann Brown, both self-represented litigants, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of their constitutional rights. This matter is before the court on Curry's motions to amend/correct his Amended Complaint (ECF Nos. 14 & 45) and for damages (ECF No. 17).[1]

Curry's first motion to amend seeks to add as a defendant Lauren Williams, Curry's court-appointed attorney in his underlying state criminal proceedings. Curry claims that Williams provided information regarding a drug test to Curry's probation officer without his consent. Liberally construed, Curry's motion asserts that Williams violated his civil rights and breached her duty as his attorney.

Leave to amend a pleading should be denied when the amendment would cause undue delay, when it would be prejudicial to the opposing party, when there has been bad faith on the part of the moving party, or when the amendment would be futile. See Foman v. Davis, 371 U.S. 178 (1962);

---

[1] The court notes that both motions to amend/correct and the motion for damages (ECF Nos. 14, 17, & 45) were signed by Curry only. Therefore, the court will view these motions only as pertaining to Curry and the claims that he alleges on his own behalf.



Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir. 1986). In this case, to the extent that Curry alleges that Williams violated his civil rights, Curry's amendment would be futile because his attorney has not acted under color of state law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); and Polk County v. Dodson, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). Further, to the extent that Curry is attempting to assert a state law claim against Williams, the court finds that while supplemental jurisdiction may exist with regard to this claim, joinder of Williams as a defendant to this action is not appropriate. Where the claim against a new defendant arises out of the same transaction, occurrence, or series of transactions or occurrences *and* there is a common question of fact or law, a plaintiff may join the new defendant into an existing action. See Fed. R. Civ. P. 20(a)(2). Curry's state law claim against Williams—alleging that she breached her duty to Curry by providing confidential information to his probation agent on or around March 10, 2010—does not arise out of the same transaction or occurrence as his civil rights claims against the existing defendants, which primarily concern an allegedly illegal search by his probation agent and the Charleston Police Department on February 24, 2010. Moreover, Curry's state law claim against his attorney involves distinct questions of fact and law from his federal claims against the existing defendants.[2] Therefore, Curry's motion to amend is denied. (ECF No. 14.)

---

[2] The court's opinion on Curry's state law claim against Williams is limited to its conclusion that joinder is inappropriate and should not be interpreted to express an opinion as to the merits of this claim.

Page 2 of 3



Curry's second motion to amend seeks to join additional defendants and assert new claims that are unrelated to those asserted in his Amended Complaint. His amendment does not appear to seek to add any individual defendants that are alleged to have committed the violations described in the Amended Complaint. Accordingly, Curry's motion seeking to add new defendants based upon unrelated claims is denied pursuant to Federal Rule of Civil Procedure 20(a)(2), as those unrelated claims must be pursued in a separate action. (ECF No. 45.)

Curry's motion for damages seeks punitive and compensatory damages against named defendants. As this relief is already sought in Curry's Amended Complaint, this motion is dismissed as duplicative. (ECF No. 17.)

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 31, 2010
Columbia, South Carolina