IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Curry, and Betty Ann Brown, ) | C/A No. 0:10-522-HFF-PJG |
| Plaintiffs, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Charleston County Police Department; ) Charleston County Probation and Parole; and ) Officer Clayton Mood, ) | |
| Defendants. ) | |

Plaintiffs Jerome Curry and Betty Ann Brown, both self-represented litigants, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of their constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Curry's motions for default judgment (ECF Nos. 18 & 27) and the plaintiffs' motions for default judgment and for an order to show cause (ECF Nos. 39 & 42).[1] The defendants filed a response to Curry's motions. (ECF No. 31.) Having carefully reviewed the parties' submissions, the court finds that the motions should be denied.

Curry's two motions for default judgment assert that the defendants filed an answer with the court but did not serve that answer on Curry. (ECF Nos. 18 & 27.) In response, the defendants state that they served Curry at two addresses. While their initial certificate of service contains a different zip code in the service address than that in Curry's address of record (ECF No. 12), an amended

---

[1]The court notes that two of the motions for default judgment (ECF Nos. 18 & 27) were signed by Curry only. Therefore, the court will view these motions only as pertaining to Curry and the claims that he alleges on his own behalf. The third motion for default judgment and the motion for an order to show cause were signed by both plaintiffs. (ECF Nos. 39 & 42.)



certificate of service certifies that the defendants' Answer was mailed to Curry at his address of record on April 14, 2010. (ECF No. 16.) Therefore, default judgment is not appropriate and Curry's motions should be denied.

The plaintiffs filed a motion for an order to show cause in which they appear to request that the defendants provide them with discovery materials relating to the search of their home. (ECF No. 39.) Absent a dispute, the court generally does not enter the discovery process, which is detailed in the Federal Rules of Civil Procedure. See generally Fed. R. Civ. P. 26 through 37; see also Fed. R. Civ. P. 45. The plaintiffs are advised that they do not need specific authorization from the court to obtain discovery from the defendants. Rather, they should direct their discovery requests to the counsel of record for the defendants. If the plaintiffs are dissatisfied with the responses they receive from the defendants, they may then file a motion to compel. See Local Civil Rule 37.01 DSC. To the extent that the plaintiffs request default judgment if the defendants do not respond to their requests, the failure of the defendants to timely respond to the plaintiffs' *discovery requests* would not entitle the plaintiffs to a judgment, default or otherwise. See Fed. R. Civ. P. 55. Thus, the plaintiffs' motion (ECF No. 39) should be denied.

The plaintiffs' third motion for default judgment (ECF No. 42) contends that the defendants should also be held in default for failing to respond to their motion for an order to show cause (ECF No. 39). However, the alleged failure of the defendants to timely respond to the plaintiffs' *motion* would not entitle the plaintiffs to a judgment, default or otherwise. See Fed. R. Civ. P. 55. Therefore, the plaintiffs' motion for default judgment should be denied.

*PJG*

**RECOMMENDATION**

Accordingly, the court recommends that Curry's motions (ECF Nos. 18 & 27) and the plaintiffs' motions (ECF Nos. 39 & 42) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 31, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).